IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-00619-FL

| | | |
|---|---|---|
| GURMEL SINGH THIND and DALJIT KAUR THIND, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| PNC BANK, NATIONAL ASSOCIATION, | ) ) ) ) | |
| Defendant | ) | |

This matter comes before the court on plaintiffs' motion to remand (DE 3). The matter has been fully briefed and is ripe for decision. For the reasons that follow, the court denies plaintiffs' motion to remand.

## BACKGROUND

On July 26, 2013, plaintiffs filed a complaint in state court, asserting six state law claims for relief against defendant arising out of defendant's alleged refusal to review a loan modification application in connection with a deed of trust on plaintiffs' primary residence. (See Compl. 2-9). Specifically, plaintiffs assert the following claims against defendant: breach of contract, fraud, violation of the North Carolina Secure and Fair Enforcement Mortgage Licensing Act ("SAFE Act"), unfair and deceptive trade practices, breach of covenant of good faith and fair dealing, and negligent misrepresentation. (Id. 9-13). Plaintiffs seek compensatory damages, treble damages, attorney's fees, and a mandatory injunction requiring defendant properly review and act on plaintiffs' loan

modification application. (Id. 14).

Specifically, plaintiffs allege damages (1) "in an amount exceeding ten-thousand dollars ($10,000.00)" for each of the breach of contract, fraud, breach of covenant of good faith and fair dealing, and negligent misrepresentation claims, (2) "actual damages, treble damages, and attorney fees" for the unfair and deceptive trade practices claim, and (3) plaintiffs do not specify damages for the remaining SAFE Act claim. (See Compl. 10-13).

Defendant removed this case to this court on August 26, 2013, on the basis of diversity of citizenship jurisdiction. Plaintiffs responded with a motion to remand on September 25, 2013, as amended on September 26, 2013, arguing the jurisdictional amount requirement has not been met.

**DISCUSSION**

"Typically, an action initiated in a state court can be removed to [federal court] only if it might have been brought in federal court originally." Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 370 (4th Cir. 2003) (internal quotation marks omitted) (alteration in original). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. Id. Federal courts "must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand [to state court] is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

Federal district courts are courts of limited jurisdiction. Federal statute authorizes original jurisdiction over cases between diverse citizens where the "amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . . ." 28 U.S.C. § 1332(a). The "amount in controversy" is equivalent to the amount at stake in the litigation, and the court must consider the possible recovery based on plaintiffs' claims, not the probable recovery. See Bell v. Preferred Life

3

Assur. Soc. of Montgomery, Ala., 320 U.S. 238, 240-41 (1943) (suggesting the amount that possibly is recoverable based on a plaintiff's claims is the relevant figure for the amount in controversy calculation); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290-93 (1938) (same), *superseded by statute on other grounds*, Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1016(c), 102 Stat. 4642, 4670 (1988).

Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2); see JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) ("Courts generally determine the amount in controversy by reference to the plaintiff's complaint."). "If a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (internal quotation marks omitted) (alteration in original); see also 28 U.S.C. § 1446(c)(2)(A)-(B). In addition, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977); see also Francis, 709 F.3d at 367.

In this case, as noted above, plaintiffs allege damages (1) "in an amount exceeding ten-thousand dollars ($10,000.00)" for each of the breach of contract, fraud, breach of covenant of good faith and fair dealing, and negligent misrepresentation claims, (2) "actual damages, treble damages, and attorney fees" for the unfair and deceptive trade practices claim, and (3) plaintiffs do not specify damages for the remaining SAFE Act claim. (See Compl. 10-13). It appears that in preparing their complaint, plaintiffs followed a North Carolina rule of civil procedure for pleading damages, which provides that:

4

> In all negligence actions, and in all claims for punitive damages in any civil action, wherein the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000).

N.C. GEN. STAT. § 1A-1, Rule 8(a)(2). While this approach complicates the determination of amount in controversy, viewing the aggregate amount of damages alleged in the complaint, the court is compelled to conclude that the amount in controversy in this case exceeds $75,000.00.

In particular, the aggregate of the damages claimed for breach of contract, fraud, breach of covenant of good faith and fair dealing, and negligent misrepresentation yields $40,000.00. In addition, defendants face liability of up to $25,000 for a single violation of SAFE Act. Plaintiffs also assert entitlement to damages for defendant's alleged unfair and deceptive trade practices, which amount if equivalent to damages for fraud, would be trebled to $30,000.00 pursuant to N.C. GEN. STAT. § 75-16. Combining the damages sought for these claims thus yields $95,000.00.

Plaintiffs argue the total damages alleged are not necessarily the aggregate of each of the six claims for relief. (Pls.' Mot. to Remand 1). However, plaintiffs recognize that courts in the Fourth Circuit have discretion to aggregate claims for the amount in controversy determination. (Pls.' Reply in Supp. of Mot. to Remand 3). Further, while plaintiffs contend aggregation is improper here because defendant's alleged "conduct is actionable under multiple legal theories," (Pls.' Mot. to Remand 1), plaintiffs do not cite any authority to support that position, and the court has not found any.[1] Moreover, plaintiffs have separately specified damages exceeding $10,000.00 for each of four

---

[1] The court has discerned suggestion under North Carolina law that the amount of damages for breach of contract may not be aggregated with those for unfair trade practices. See, e.g., Marshall v. Miller, 47 N.C. App. 530, 542, 268 S.E.2d 97, 103 (1980) (holding that "[w]here the same course of conduct gives rise to a traditionally recognized action, as, for example, an action for breach of contract, and as well gives rise to a cause of action for [unfair

5

claims asserted, rather than for all claims together. Thus, consideration of damages from all claims in the aggregate is warranted under the circumstances of this case. Cf. Harris v. State Farm Fire & Cas. Co., No. 5:13-CV-61-BO, 2013 WL 3356582, at *3 (E.D.N.C. July 3, 2013) (aggregating six claims where plaintiffs requested relief in an amount in excess of $10,000 for each claim and treble damages for an unfair and deceptive trade practices claim).

In sum, where the amount in controversy on the basis of plaintiff's complaint exceeds $75,000.00, without even considering the value of the requested injunctive relief and attorneys fees, the jurisdictional amount requirement is satisfied. The court therefore need not further consider whether defendant has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See Francis, 709 F.3d at 367.

## CONCLUSION

Based on the foregoing, plaintiffs' motion to remand and amended motion to remand (DE 3 and 4) are DENIED. The clerk of court is directed to maintain management of this case.

SO ORDERED, this the 4th day of December, 2013.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge

---

trade practices under] G.S. 75-1.1(a)," damages may be recovered for either cause of action, but not for both). A reduction in aggregate damages from $95,000 to $85,000, however, does not change the court's determination above.

5